[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, petitioner seeks a writ of habeas corpus. In the petition, two separate grounds are alleged. The first ground presents a CT Page 10397 claim that petitioner was denied credit for pretrial incarceration. The second claim is that petitioner has been denied parole consideration in violation of his rights under the Constitution of the United States and the constitution of this state. By agreement of all parties, the petition was bifurcated and action on the constitutional claim was deferred awaiting decision by the Connecticut Supreme Court on the issue presented by the petition. Petitioner proceeded solely on his claim that he was denied pretrial confinement credit.
For reasons hereinafter stated, the petition with respect to the pretrial confinement claim is dismissed.
From the evidence, it must be concluded that on or about September 21, 1996, petitioner was arrested on a drug charge in violation of General Statutes § 21a-277. Petitioner was incarcerated in lieu of bond for 24 days on this charge and then released from custody. On July 3, 1998, petitioner was arrested on a charge of assault in the second degree in violation of General Statutes § 53a-60. Petitioner remained incarcerated on this offense in lieu of bond until May 12, 1999. On May 12, 1999, after pleas of guilty, petitioner was sentenced to four years of imprisonment for the violation of § 21a-277. On that date, a concurrent sentence of two years was imposed for the violation of §53a-60. The total effective sentence was four years. Petitioner is now serving this sentence in custody of the respondent.
The situation which resulted from the sentences imposed was that petitioner was serving a sentence of four years, for which he was entitled to 24 days of pretrial confinement credit. He was also serving a concurrent sentence of two years for which he was entitled to 308 days credit for confinement from the date of his arrest, July 7, 1998, until sentencing on May 12, 1999. In petitioner's situation, the controlling sentence is the longer four-year sentence. Petitioner has received 24 days credit for this sentence. Petitioner is also serving a two-year sentence for the assault conviction. Technically, he would be entitled to 308 days credit for this sentence. However, since petitioner is serving this sentence concurrently with the four-year sentence, the longer sentence controls and petitioner receives no actual credit for the 308 days pretrial confinement as claimed in the petition.
Petitioner claims that at the time he understood that he would receive credit for all of his pretrial confinement. This issue, however, is not before the court at this time. To obtain credit for the 308 days in question, petitioner may request a sentence modification or seek other relief.
Accordingly, judgment is rendered denying the writ of habeas corpus on CT Page 10398 the pretrial confinement credit claim only. Petitioner's claim that he was denied parole consideration in violation of his constitutional rights will be considered at a later date.
 ____________________ JOSEPH J. PURTILL JUDGE TRIAL REFEREE